Charles F. Vollmer *v.* Frank A. Magowan, Appellant.

*Affidavit of defense—Sale—Promissory notes.*

In an action upon promissory notes for over thirty thousand dollars given for furniture and carpets sold to the defendant, an affidavit of defense was filed averring that the goods were all to be first class, whereas there were various defects in them which were unknown to the defendant when he gave the notes, and also that the plaintiff had failed " to deliver some of the articles of a very valuable character, which still remain undelivered to the extent of about, at least, one thousand dollars," and that by reason thereof defendant was greatly injured.   The affidavit did not otherwise describe the goods not delivered, nor state their value.   *Held*, that the affidavit of defense was too vague and indefinite to carry the case to the jury.

Argued Jan. 14, 1897.   Appeal, No. 563, Jan. T., 1896, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1896, No. 166, making absolute a rule for judgment for want of a

sufficient affidavit of defense.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Assumpsit upon promissory notes.

The statement contained a copy of an agreement stating that the notes had been given in full payment and settlement of the indebtedness of Frank A. Magowan to Charles F. Vollmer, and that failure to pay anyone of the notes would make them all due and payable.

The defendant filed an affidavit of defense in which he averred as follows :

That sometime before the making of the notes sued on by the plaintiff in this case and the execution of the agreement in that behalf mentioned in plaintiff's statement of claim and annexed thereto, deponent ordered of and from the said plaintiff certain furniture, carpets, rugs and draperies for the dwelling-house of defendant in the city of Trenton, New Jersey, all of which materials were to be of good and first class quality and finished in the best workmanlike manner, and to be first class in every respect, and that prior to the manufacturing and delivery of the said furniture, carpets, rugs and draperies, samples of the same which were to be first class in every respect were to be submitted to deponent for his approval, yet, nevertheless, the said plaintiff proceeded to manufacture, make up and send to deponent the aforesaid furniture, carpets, rugs and draperies, without having first submitted any samples thereof to this deponent for his approval, and without obtaining the approval of this deponent upon said furniture, carpets, rugs and draperies, and that a large part of said furniture, carpets, rugs and draperies were sent to deponent after the making of said notes aforesaid and the signing by him of the aforesaid agreement.

And deponent further says, that the said furniture, carpets, rugs and draperies are not first class material, nor made in the best workmanlike manner in this, that the said furniture, consisting of tables, chairs, bedsteads, couches, cabinets, dressing-cases, etc., were made of wood not thoroughly seasoned, so that the same have cracked, warped, split and shrunk; that all of the large and most expensive pieces of said furniture, consisting of bedsteads, dressing-cases, cabinets, chairs, tables, etc., and which

were to have been highly carved and wrought in the most skill-
ful and artistic manner, are carved in a grossly defective and
unartistic manner, and that the pieces remain unfinished; that.
the gilded work on many of the cabinets and other furniture
has flaked and split off; that main and most expensive hall
carpet for deponent's house, which was to have been woven in
one entire piece, was made in two pieces, and when the same
came to be laid another piece had to be inserted by reason of
defective measurements having been taken by the plaintiff; that
all of said carpets, rugs and draperies were to have been of
imported manufacture, but that on the contrary thereof depo-
nent has been informed and verily believes and therefore charges.
it to be true that one half or more of said carpets, rugs and
draperies are of domestic manufacture and of material less than
first class and of inferior workmanship; that all of said draperies.
consisting of nearly one third in value of said goods, wares and
merchandise, consist of portières, valenciennes and curtains,
were to have been embroidered by hand in the most delicate,
artistic and first class workmanlike, and most skilled manner,.
whereas, all of the embroidered work on the said portières,.
valenciennes and curtains is ordinary machine embroidery.

And deponent further says, that none of the herein recited
defects in the goods, wares and merchandise, so as aforesaid bar-
gained for by him, and to be manufactured, sold and delivered
to him upon samples which as aforesaid were never submitted
to him, ever came to his knowledge until after the execution of
the agreement set forth in plaintiff's statement of claim, and the·
execution and delivery of the notes therein set forth, nor until
after the payment of $3,000 by deponent on account, $2,000 of
which was secured by a certain promissory note made by depo-
nent; that most of said goods were delivered after the execu-
tion of the said agreement, and an inspection of the goods
delivered before said agreement, was executed had never been
made by your deponent, he believing and confidently relying·
upon the reputation of the plaintiff as a first class workman,
manufacturer and dealer in imported household furniture, car--
pets, rugs and draperies; and that immediately upon ascertain-
ing the extent and character of the defects in the said goods,.
wares and merchandise aforesaid, and also the failure of said
plaintiff to deliver some of the articles of a very valuable char--

acter, which still remain undelivered, to the extent of about at least $1,000, he refused to make provision for the payment of the remainder of said notes.

And deponent further says, that by reason of the aforesaid herein recited defects in the said goods, wares and merchandise, and the failure of said plaintiff to fully comply with his said agreement, he, deponent, is greatly damnified and injured. All of which said deponent expects and believes he will be able to prove on the trial of this case.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*William C. Mayne*, with him *E. R. Walker*, for appellant.— The affidavit of defense was sufficient: Zerger v. Sailer, 6 Binn. 27; Robison v. Tyson, 46 Pa. 286; Crossgrove v. Himmelrich, 54 Pa. 203; Bell v. Kennedy, 100 Pa. 215; Lane v. Penn Glass Sand Co., 172 Pa. 263; Bronson v. Silverman, 77 Pa. 94; Noble v. Kreuzkamp, 111 Pa. 68; Kaufman v. Cooper Iron Co., 105 Pa. 531.

*H. C. Thompson, Jr.*, for appellee, cited: Gould v. Gage, 118 Pa. 559; Ogden v. Beatty, 137 Pa. 197; Endlich on Affidavit of Defense, sec. 510; Terriberry v. Broude, 173 Pa. 48; Bardsley v. Delp, 88 Pa. 420.

PER CURIAM, February 8, 1897:

The affidavit of defense in this case is too vague and indefinite to carry the case to a jury, and hence there was no error in making the rule for judgment absolute. There appears to be nothing in the case that requires further notice.

Judgment affirmed.